UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Docket No. 21-CR-10021-ADB |
| | ) | |
| BRIAN CARDOSO, | ) | |
|        Defendant. | ) | |

DEFENDANT'S MEMORANDUM ON SENTENCING

    Brian Cardoso is 29 years old and a life-long resident of Boston. The Court deferred acceptance of his plea until sentencing, and the parties have reached a new agreement on sentencing, reducing the proposed sentence from 48 to 40 months. The basis of the reduction is the time Mr. Cardoso spent in state custody after his arrest for this offense but before he was indicted in this Court. Because the time was credited to a probation violation in state court, it does not get credited under the statute to his federal sentence. The parties, therefore, have agreed to reduce the sentence proposed to 40 months, which is 6 months below the bottom of his guideline range of 46-57 months. The defendant submits that this is a fair sentence and is no more than necessary to satisfy the factors set forth in 18 U.S.C. § 3553, and asks the Court to accept the parties' modified plea agreement and sentence him accordingly.

I.  Objections to the PSR

If the Court accepts the amended plea agreement which calls for a 40-month sentence, the defendant's objections 1 and 4 are moot and the defendant will withdraw them.

Objections 2 and 3 pertain to the inclusion of "related cases" and recitation of activities of the "NOB" gang in Offense Conduct as part of the PSR. The cases that are included charge other people with racketeering, drug conspiracy, bank fraud and unrelated firearms charges, none of which involve the defendant, and the defendants in which are not involved in this case, which charges the defendant with a single count of being a felon in possession of a firearm. Similarly, the recitation of alleged activities of the "NOB" gang are not connected to the offense for which the defendant is being sentenced. The incident out of which the charge came was a domestic dispute involving the defendant's girlfriend and her roommate. Boston police responded to a call from the roommate. While the government may claim that Mr. Cardoso is connected to a gang and that the cases recounted in the PSR involve gang members, even if true[1] that does not make these cases related nor does it justify including a lengthy recitation of alleged gang activity as supposed "offense conduct." The dispute that involved the police in this case is not gang-related, it is domestic. The only reason the Probation Officer gives to include it is that it will

---

[1] There is no discussion of how Mr. Cardoso is connected to the defendants in the "related" case, but information connecting him would almost certainly come from the Boston Police. To the extent that this information is predicated on the so-called Gang Assessment Database, the reliability of that database has recently been found wanting in Diaz-Ortiz v. Garland, 23 F.4th 1 (1st Cir. 2022)(*en banc*)

"assist the Bureau of Prisons" in designating Mr. Cardoso. But the issue is whether these cases are related. The rationale that the Probation Officer gives would justify including *any* case involving anyone alleged to be in a gang with a defendant, without limitation. That cannot be sufficient justification to include highly prejudicial and inflammatory allegations that are not connected to the defendant's offense conduct and will be detrimental to him in how he is classified, what programs he will be eligible for and what facilities he will be considered for designation to by the Bureau of Prisons. Requiring the defendant to carry the baggage of these other cases through his incarceration can only be detrimental to his rehabilitation and prospects for re-entry into society. The Court should strike these unrelated cases from the PSR.[2]

II.     The defendant's background

Mr. Cardoso is 29 years old. He grew up in Boston, with his parents and his sister, who is a year older than him. He is in a relationship with Julie Goncalves, whom he has known since they were teenagers. She has a son, now three years old, and they have a daughter, now a year and a half old, together. Mr. Cardoso treats her son as his as well. He hopes to rejoin them and build a life as a family. Ms. Goncalves has written a letter to the Court, and she describes her relationship with Mr. Cardoso, how involved he has been in helping to raise her son, and his devotion to their daughter, whom he has yet to hold. (Attached as **Exhibit A**).

---

[2] Counsel missed in filing objections that there is a passing reference to the "NOB" gang affiliation in ¶ 77 of the PSR, referring back to the objected-to paragraphs, and defendant asks that this reference also be stricken.

3

Mr. Cardoso graduated from Boston Community Leadership Academy, a Boston Public Pilot School in Brighton, in 2011.[3] He was on the football team and he was very good at math. He has taken classes since high school at Boston Uncornered, which is part of College Bound. That program has written a letter (Attached as **Exhibit B**) noting his involvement and his desire to pursue a course in construction management when he completes his sentence. Boston Uncornered is prepared to help him to do so. Mr. Cardoso's uncle, Cipriano Miranda, has also written. Mr. Miranda is a contractor, and he writes that Mr. Cardoso has helped him in his work since he was a teenager and has learned construction skills well enough to have done a couple of jobs on his own. (Attached as **Exhibit C**). Mr. Cardoso can put this hands-on learning to use in pursuing further education in construction management.

Mr. Cardoso is very close with his sister and his mother, both of whom have written letters to the Court (attached as **Exhibit D**). Each of them remark on the effect the birth of his daughter has had on him. He is determined to turn his life around and make a life and a home for his girlfriend and their children. His mother hears this when she hears Mr. Cardoso speak about his daughter. His sister remarks that since his daughter's birth he speaks of going back to school and getting a degree.

---

[3] Counsel has spoken with Betsy Cardoso, Mr. Cardoso's sister, for additional background set forth here. She stated that he graduated from BCLA, not the Community Academy of Science and Health, as stated in ¶ 79 of the PSR.

Katheline LeConte, Betsy Cardoso's longtime friend, writes that she considers Brian like a little brother. She also remarks on how motivating to him the birth of his daughter has been. Ms. LeConte, a social worker, also expresses her readiness to help him re-enter the community. His cousin, Marquis Dossantos, who is his daughter's Godfather, also writes of the powerful influence she has had on Mr. Cardoso, as does his friend, Luissette Amado. (Letters attached as **Exhibit E**).

These letters attest to someone who is loving and loyal to his family and has been powerfully affected by the birth of his daughter. They also attest to a strong support group ready to help Mr. Cardoso to turn his life around and become a productive member of his community. Coming from a prison term with a felony record, it is a hard road to rejoin society as a law-abiding citizen. The recent history of sentencing reforms at the state level, providing for diversionary dispositions and expungement of certain criminal records, tacitly acknowledge how difficult a criminal record can make that road. Mr. Cardoso's mentors, friends and family are ready to help him along that road. He is eager to take on the responsibilities of being a father.

The sentence the parties have newly agreed on recognizes that Mr. Cardoso has been incarcerated as a result of this offense since December 2019, and that he will not receive credit from BOP for the portion of that time that he spent in state custody. A sentence of 40 months effectively gives him credit for that time, and more importantly, shortens the time until he can be reunited with his girlfriend and their children and can begin to pursue a career. He has yet to spend time with his

daughter, and that time should not be extended for six months that he has in fact already served.

III.   Conclusion

For all the reasons stated herein, the defendant asks the Court to accept the parties amended plea agreement and impose the sentence of 40 months agreed to therein. The defendant also requests that no fine be imposed, and that the Court recommend designation to a facility as close to Boston as possible, so that his family, his girlfriend and their children can have an opportunity to visit him.

By his attorney,

/s/ David Duncan
David Duncan (BBO #546121)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
dduncan@zalkindlaw.com

Dated: February 28, 2022

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on this date.

/s/ David Duncan